The opinion of the Court was delivered by
O’Neall, J.
Although the grounds of appeal do not question the general liability of the defendants, yet it is difficult to consider, appropriately, the questions made by them without stating it. The defendants are, in respect to the baggage of passengers, common carriers, and liable for the same, unless excused by the act of God or the enemies of the country. *163 (Story on Bailm. § 509; Camden & Amboy Railroad Co. vs. Burke, 13 Wend. 611.)
It is necessary, however, to fix them with this liability, that it should be shown that the plaintiff’s baggage was delivered to them. Their check, found in his possession, is the evidence of that fact. They, themselves, have so made it, and it stands in place of a bill of lading. What was delivered under it, is the difficulty. Was it a trunk or some other thing ? The plaintiff claims that it was a trunk delivered ; this is the usual means of a traveller’s conveyance of his baggage. Search was made for such an article, at the plaintiff’s request. This was,'! think, all the plaintiff could show, and the burden was on the defendants to show that he did not deliver to them a trunk, but some other articles.
The next question which arises is, what were the contents and value of the trunk?
To show this, the plaintiff was offered as a witness. In support of this, 1 Green. Ev. § 348-9, were cited. It is true, in section 348, a very imposing case is mentioned, where a ship-master received a trunk of goods, broke it open, and rifled it of its contents. On these facts appearing aliunde, it was held, that the plaintiff might testify to its contents. So in Ohio, in Fulton vs. The Mad River & Lake Erie Railroad Company,(a) for the baggage of the wife, it was held, that as from necessity the husband might testify to the value of his baggage lost, so his wife might give evidence of her own personal baggage, lost when the husband was not in company. These are exceptions allowed by tribunals in other States to the rule, that a party cannot testify in his own case. No such exceptions have ever been allowed in this State.(b) Here a party merely nominal, or a merchant, shopkeeper or mechanic, keeping books, or a party offered against his own interest, have been allowed to testify. Beyond this, we have not ventured to go. Some of the exceptions mentioned and allowed in 1 Green. Ev. § 349,
*164 such as the loss of a deed, have been expressly denied in this State. We do not think it would be wise to extend the exceptions beyond those already allowed. Hence, it becomes necessary to inquire how the value of the article can be fixed ? i know no better rule than that stated by Garrow, B., in Butler vs. Basing, (12 Eng. C. L. R. 287-8,(c) in his instructions to the jury, “ to give damages proportioned to the value of the articles, which you, in your judgment, think the box did and might fairly contain.” This was the course adopted by the Recorder in this case.
The Railroad Company in general adopt, as a rule, that the party claiming for a loss, must show the value of the thing lost. Ordinarily, this is done by the party’s affidavit; if this be regarded as fixing too high a value, the burden is on them to show that it was of less value, or to run the chances of a jury agreeing with them or their adversary. In some cases, where a description of the article can be given, the jury have a very proper measure of damages in their knowledge of its value. In other cases, it may be very much conjectural; but it is not to be supposed, the Company would suffer them to go beyond the plaintiff’s own valuation by withholding his affidavit. If they do, it will be their own folly, and they will have no right to complain.
The motion is dismissed.
Wardlaw, Wi-xitner, Glover and Munro, JJ., concurred.

Motion dismissed.

(а) 20 Ohio 319; Liv. Law Mag. Jan. 1853.

(b) 6 Rich. 198.

(c) 2 Carr. & P. 613.